SAM et al. v. MOHAWK CLOTHING CO., Inc.

(Supreme Court, Appellate Division, First Department. March 20, 1914.)

PLEADING (§ 358*)—MOTIONS TO STRIKE OUT—FRIVOLOUS PLEADING.

In an action against a corporation on a contract attached to the complaint and purporting to be signed by the corporation by its president, an answer, which, after denying knowledge or information sufficient to form a belief as to the making or breach of the contract, for a separate

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

defense, denied that defendant ever executed any such agreement and alleged that if defendant's name was signed to such agreement, it was signed without authority of the board of directors, and was not defendant's act, should not have been stricken as frivolous, as it raised a direct issue as to the want of authority to execute the agreement.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1096–1101; Dec. Dig. § 358.*]

Appeal from Special Term, New York County.

Action by William Sam and another against the Mohawk Clothing Company. From an order striking out the answer as frivolous, defendant appeals. Reversed and motion to strike denied.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Loucks & Alexander, of Schenectady (William Dewey Loucks, of Schenectady, of counsel), for appellant.

Arthur Rosenberg, of New York City, for respondents.

PER CURIAM. The complaint alleges that the plaintiffs are copartners, and that the defendant is a domestic corporation. The cause of action set forth is a breach of a written contract of employment, by which defendant employed the plaintiffs for three years as selling agents, with privilege of renewal of two years, agreeing to pay 5 per cent. commission on all orders, to advance $200 per month for a drawing account, and to pay office expenses not exceeding $600 per year.

For their first cause of action plaintiffs allege that they entered upon the performance of said contract on May 1, 1913, and were discharged August 7, 1913, and that no part of their office expenses were paid, except $30, and that by reason of the premises they have been damaged in the sum of $25,150.

For a second cause of action, that under and by the terms of said agreement the plaintiffs became entitled to receive the sum of $200 in advance for the month of July, and the further sum of $200 for the month of August, of which no part has been paid. Wherefore they demand judgment for $25,500. The alleged agreement is attacked to the complaint and is signed, "The Mohawk Clothing Co., by James F. Hooker, Pres., William Sam, Jacob Levine."

The answer to the first cause of action admits the allegation set forth in the first paragraph of the complaint; that is, that the defendant is a corporation. Second. This answering defendant has no knowledge or information sufficient to form a belief as to any of the other allegations in said amended complaint, and therefore denies the same.

As to the second cause of action it admits the allegation of the first paragraph of the complaint. Second. This answering defendant has no knowledge or information sufficient to form a belief as to any of the other allegations in said amended complaint contained, and therefore denies the same, except this answering defendant admits that no part of any alleged claim has ever been paid.

For a further and separate defense to each cause of action set forth in the amended complaint, this answering defendant denies that it

ever executed any agreement of any kind, name, or nature with the plaintiffs in this action, and if the name of this answering defendant was signed by anybody to any paper purporting to be such agreement, it was signed without authority of the board of directors of said defendant, and was not the act of this answering defendant.

We think this answer should not have been stricken out as frivolous. The defendant flatly denies that it ever executed any agreement with the plaintiffs, and if its name was signed to any paper purporting to be such agreement, it was signed without authority, and was not the act of the defendant. This raises a direct issue, and puts the plaintiffs to their proof.

The order appealed from should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.